[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal from an order of child support rendered by a family support magistrate. At a December 26, 1991 hearing, held before family support magistrate Harris Lifshitz, the defendant Guillermo Alvarez admitted that he fathered Pedro and Erica Alvarez as a result of a relationship the defendant had with the plaintiff Carmen Razo. At this hearing, the defendant informed the magistrate that he was currently married to another woman, that he had a daughter by that relationships that his employer was reducing CT Page 6085 its workforce, and that he had a net weekly income of $299.11. After reviewing the defendant's financial affidavit and hearing testimony, the magistrate ordered the defendant to pay $45.00 per week current support for each of his two children who do not reside with him. This total of $90.00 per week is consistent with child support guidelines for a father of three as the magistrate did not find sufficient reason to deviate from the guidelines.
In imposing the child support order, the family support magistrate acted under the authority granted to him by Conn. Gen. Stat. Sec. 46b-171. The plaintiff appeals the order of the magistrate pursuant to Conn. Gen. Stat. Sec. 46b-231(N). As the individual compelled to make support payments, the plaintiff is clearly an aggrieved party.
Conn. Gen. Stat. Sec. 46b-231(N)(7) provides the superior court with the following standard for the determination of appeals from the decision of a family support magistrate:
 The superior court may affirm the decision of the family support magistrate or remand the case for further proceedings. The superior court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The defendant claims that the magistrate erred when he imposed the current support order. The defendant asserts that the magistrate erred by failing to deviate from the child support guidelines in view of the defendant's obligation to support his current wife and the ongoing downsizing being conducted by the defendant's employer. There exists a rebuttable presumption that the amount of a child support award which resulted from the application of the guidelines is the amount of support to be ordered. Conn. Gen. Stat. Sec. 46b-215b(a). CT Page 6086
The magistrate, however, heard all the evidence plaintiff points to in seeking a reduction in child support and concluded that the guidelines should be followed. The defendant points to Conn. Gen. Stat. Sec. 46b-37 claiming that the magistrate should have considered defendant's obligation to support his wife under this statute. The magistrate had before him evidence relating to the defendant's present marital situation and opted to impose a child support order consistent with both the child support guidelines and defendant's obligation to support his children under Sec. 46b-171.
The decision of the family support magistrate must be affirmed as the decision was not arbitrary, illegal, or an abuse of discretion. See Conn. Gen. Stat. Sec. 46b-231(N)(7); Timm v. Timm, 195 Conn. 202, 207 (1985),
Accordingly, the decision of the family support magistrate is affirmed and the appeal dismissed.
WILLIAM M. SHAUGHNESSY, JR. JUDGE, SUPERIOR COURT